# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELISSA D. TRAVIS-NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-18-0261-F |
| | ) | |
| STATE OF OKLAHOMA, ex rel. | ) | |
| OKLAHOMA STATE BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant State of Oklahoma, *ex rel.* Oklahoma State Bureau of Investigation moves for summary judgment. Doc. no. 23. Plaintiff Melissa D. Travis-Neal has responded, objecting to the motion. Doc. no. 29. Defendant filed a reply brief. Doc. no. 30.

Two claims are alleged in this action: a Title VII discrimination claim based on plaintiff's race (the complaint alleges plaintiff is a mixed-race African American) and a claim under 42 U.S.C. § 1981. Doc. no. 1. Plaintiff alleges, in support of both of these claims, that she was excluded from an opportunity to obtain a position at the Oklahoma State Bureau of Investigation (OSBI). The complaint alleges that plaintiff was the best qualified applicant for the position based on her education, training and experience but that the OSBI did not select her for an interview and hired a white applicant.

For the reasons stated below, this order grants the motion to the extent that it seeks judgment on the §1981 claim and denies the motion to the extent that it seeks judgment on the Title VII claim.

Standards

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Undisputed Facts

At the time plaintiff applied for the position in question, she was an employee of the Oklahoma Attorney General's Office although she worked at the OSBI under a Memorandum of Understanding between the Attorney General's Office and the OSBI. In that capacity, plaintiff, as an OSBI affiliate, was assigned to investigate cases in the Internet Crimes Against Children (ICAC) unit of the OSBI. When a grant-funded position came open at the OSBI for a state employee to work as an agent in the ICAC unit, plaintiff applied. She met eligibility requirements. The OSBI did not interview plaintiff and hired a white female to fill the position.

## The 1981 Claim

Defendant moves for judgment on the § 1981 claim based on eleventh amendment immunity. Plaintiff concedes this argument.[1] Summary judgment will be entered in favor of the defendant on the §1981 claim.

## The Title VII Claim

Defendant argues that the Title VII claim fails under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[2]

Under that framework, plaintiff, to avoid summary judgment, must begin by presenting evidence of a *prima facie* case of race discrimination. Defendant does not challenge plaintiff's evidence at this first step, and the court finds plaintiff has carried her burden using any arguably applicable statement of the *prima facie* elements.[3]

The second step is to determine whether defendant has articulated a legitimate, nondiscriminatory reason for its employment action. Defendant argues that it did not interview plaintiff for the position based on legitimate business concerns which are not reviewable under Title VII. Specifically, defendant presents evidence

---

[1] Doc. no. 29, p. 1, n.1.

[2] There is no direct evidence of discrimination, so McDonnell Douglas applies.

[3] Sandoval v. City of Boulder, Colo., 388 F.3d 1312, 1321 (10th Cir. 2004), describes the *prima facie* elements of a failure to hire case as requiring evidence 1) that plaintiff belongs to a protected class, 2) that plaintiff applied and was qualified for a job for which the employer was seeking applicants, 3) that despite being qualified, plaintiff was rejected, and 4) that after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. Defendant argues that this case is similar to a failure to promote case because plaintiff was working at the OSBI when she applied for the position so that defendant was familiar with her work habits. Salemi v. Colorado Public Employees' Retirement Association, 747 Fed. Appx. 675, 690 (10th Cir. 2018), describes the *prima facie* elements of a failure to promote case as requiring evidence 1) that plaintiff was a member of a protected class, 2) that she applied for and was qualified for the position, 3) that despite being qualified she was rejected, and 4) that after she was rejected, the position was filled.

intended to show that plaintiff was not interviewed due to workplace issues such as defendant's belief that plaintiff had been surreptitiously involved in creating an addendum to the agreement which governed the relationship between the OSBI and the Office of the Attorney General, resulting in plaintiff receiving overtime pay; and plaintiff's attempt to secretly record an OSBI employee. Defendant argues that based on these events, Charlie Mackey[4] had misgivings about plaintiff's integrity and that integrity was a principal requirement for the position. In addition, defendant presents evidence intended to show that Mackey became aware plaintiff had a poor opinion of OSBI leadership and of the OSBI as a whole, making her a poor fit for the permanent OSBI team. Defendant has met its burden at the second step.

As defendant has articulated a legitimate and nondiscriminatory basis for its decision not to interview plaintiff for the position in question, it becomes plaintiff's burden to identify evidence which could show pretext.

> A plaintiff may show pretext by demonstrating the proffered reason is factually false, or that discrimination was a primary factor in the employer's decision. This is often accomplished by revealing weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered reason, such that a reasonable fact finder could deem the employer's reason unworthy of credence. A plaintiff may also show pretext by demonstrating the defendant acted contrary to a written company policy, an unwritten company policy, or a company practice when making the adverse employment decision affecting the plaintiff.

DePaula v. Easter Seals El Mirador, 859 F.3d 957, 970 (10th Cir. 2017), quotations and citations omitted.

---

[4] According to defendant's brief, Mackey was the ICAC Unit Commander at the time. Doc. no. 23, p. 5 of 23.

4

Plaintiff points to a variety of evidence to show pretext. She argues that defendant's reasons for not interviewing her are entirely subjective.[5] Plaintiff also argues that Mackey did not truly believe plaintiff lacked integrity. She argues that if there had been any real concern about plaintiff's integrity, the OSBI would not have let her continue working in her ICAC role as a law enforcement officer whose duties included court appearances. Plaintiff further argues that Mackey knew the incident involving the amendment to the Memorandum of Understanding did not involve any lack of integrity on plaintiff's part because Mackey was the one who told plaintiff to speak to her supervisor at the Attorney General's Office and to request that the memorandum be amended. In addition, plaintiff argues that the decision not to interview her violated OSBI interview policy. She argues that the disparity between her qualifications and those of the successful candidate was overwhelming.[6] Finally, plaintiff presents evidence to intended to show that originally defendant did not rely on plaintiff's purportedly unfavorable opinion of the OSBI, only adding that reason later.

Plaintiff has identified evidence which could potentially prove defendant's stated reasons for its decision not to interview plaintiff for the grant-funded OSBI position are a pretext for race discrimination. Accordingly, summary judgment will be denied on the Title VII claim, which survives for trial.

---

[5] *See*, Turner v. Public Service Co. of Colorado, 563 F.3d 1136, 1145 (10th Cir. 2009) (although the presence of subjective decision-making can create a strong inference of discrimination, the use of subjective considerations by employers is not unlawful *per se*, citations omitted).

[6] An overwhelming disparity between the qualifications of the rejected applicant and the successful applicant may show pretext. Jaramillo v. Colorado Judicial Dept., 427 F.3d 1303, 1309 (10th Cir. 2005), citing Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1319 (10th Cir. 1999).

Conclusion

The State of Oklahoma, *ex rel.* Oklahoma State Bureau of Investigation's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks summary judgment on the §1981 claim and **DENIED** to the extent that it challenges the Title VII race discrimination claim.

The parties are **DIRECTED** to tailor their pre-trial filings (including but not limited to their proposed jury instructions) to the issues in the case.

IT IS SO ORDERED this 27th day of August, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0261p004 REV_.docx